## PRATT v. GREEN.

Fraudulent conveyance: WHERE FRAUDULENT GRANTEE HAS CONVEYED TO ANOTHER: TRUST. Where a petition in substance alleged that a conveyance of certain real estate was made without consideration and for the purpose of defrauding the creditors of the grantor; that after this conveyance the grantor died, and the grantee, in continuance of the fraudulent purpose, conveyed the land to the widow of the grantor, who in turn conveyed it to an innocent purchaser for a valuable consideration; that by reason of such fraudulent conveyances the estate of the debtor was without property from which the claims of creditors could be satisfied; that plaintiff was surety in a judgment against such fraudulent debtor, which he was compelled to pay, and that by the said fraudulent

conveyances and the acts of defendant, the plaintiff was damaged to the amount of, etc., for which he asked judgment, etc., — it was *held*, that upon these allegations no question arose as to whether there was an express trust which would, as against the deed absolute on its face, have to be evidenced by writing, under section 2213 of the Revision, but that the case made was the ordinary one of a conveyance alleged, and which might be shown to be fraudulent, and thereupon the defendant held liable for the value or proceeds. of the land.

*Appeal from Jones District Court.*

MONDAY, JUNE 8.

FRAUD : SUFFICIENCY OF PETITION CHARGING FRAUD, ETC.— The questions presented by the record arise upon a demurrer to the amended petition, which was in equity, and stated, in substance, the following facts :

That in 1858, plaintiff became the surety of one George E. Delevan, upon a note for $812, payable in October, 1860; that in November, 1860, Jones and Shephard, the holders thereof, brought suit thereon in Jones county, and in December, 1860, obtained judgment against Delevan and the plaintiff as his surety for $1,070; that, pending said suit, Delevan was largely in debt, and in March, 1861, conveyed certain real estate (particularly described and situated in another [Jackson] county) to the defendant, Green; that Delevan had no other property liable to execution except said real estate, which was of the value of $1,228.

It is stated that Delevan made the conveyances of the property to Green wrongfully, fraudulently and without consideration; that Green wrongfully and fraudulently received and accepted the said conveyances, and that he did not pay money, property or any valuable consideration for the lands thus conveyed to him.

It is further stated that very soon after the conveyances to Green, and during the same year, Delevan died insolvent and without any property subject to execution.

It is also stated that in 1862 the defendant, Green, "wrongfully, fraudulently, and with intent to defraud the plaintiff and to place the said lands beyond the reach of process on the said judgment," conveyed the same to the widow of Delevan for the stated consideration of $1,228, and that the said widow has sold and conveyed said lands to *bona fide* purchasers.

It is then averred that by reason of said wrongful and fraudulent conveyances, Delevan's estate had no property whatever from which said judgment could be collected, and that in 1865 the plaintiff was compelled to and did pay $1,012 in discharge of the judgment, no part of which has ever been repaid to him; and that by reason of the said wrongful and fraudulent conveyances and acts of the defendant, Green, the plaintiff has been damaged in the sum of $1,200 ; for which sum he prays judgment against the said Green, and for other and general relief.

To this petition the defendants demurred, on the general ground that it did not state facts sufficient to constitute a cause of action, and on the special ground that it states facts which avoid a cause of action in this, that it seeks to establish an express trust by attempting to change an absolute deed to one of trust without showing sufficient reasons therefor.

The demurrer was sustained, and the plaintiff excepted and appeals.

*John McKean* and *S. T. Pierce* for the appellant.

*W. G. Hammond* and *John S. Stacy* for the appellee.

DILLON, Ch. J. — The deeds to Green are absolute on their face, and disclose no trust nor any intention to create

FRAUDULENT
CONVEYANCE:
where fraudu-
lent grantee
has conveyed
to another:
trust.

one. The question which counsel have argued is, whether the trust alleged is an *express* one, and must be created or evidenced by writing. Rev. § 2213; *Ratliff* v. *Ellis*, 2 Iowa, 59; 2 Leading Cases in Equity, 704, *et seq.*

This question was perhaps legitimately presented by the *original* petition, which was also demurred to on the same grounds as the amended petition, the substance of which is set out in the statement. The demurrer to the original petition was sustained by the court, " whereupon leave was granted plaintiff to amend his petition " within a designated period. To this ruling the plaintiff did not except, but amended his petition pursuant to the leave given him by the court. There is no question which we can review presented by the decision of the District Court on the demurrer to the original petition.

The amended petition was, as shown by the statement, also demurred to, and the demurrer was sustained and the plaintiff excepted and appeals. The substance of this amended petition is fully given in the statement, and, by an examination thereof, it will be seen that the question argued by counsel does not arise thereon. It presents the ordinary case of a conveyance by an alleged fraudulent grantor to a fraudulent grantee, without consideration, and made and received with the intent to defraud creditors.

If the facts therein alleged are true, the conveyance by Delevan to Green was a fraud upon the creditors of the former. Jones & Shephard, who were creditors, could have subjected the lands in Green's hands to the payment of their judgment against Delevan.

Plaintiff, in virtue of his relationship of surety, upon payment by him of Jones & Shephard's debt against Delevan, would become subrogated to all their rights and remedies, unless he had done some act to deprive himself of this right.

The amended petition claims in *hostility* to the deed from Delevan to the defendant; and the fact that the deed is absolute on its face will not of course defeat the right of a creditor to show it to be fraudulent. If plaintiff were not attacking it for fraud, but were claiming under it, and if, without any allegation of fraud on the part of defendant in procuring it, he were seeking to prove by parol evidence that the conveyance to Green, though absolute, was in fact in trust to pay the debts of Delevan, a different and more difficult question would be presented, and in relation to which we are not required by the present record to express any opinion.

If the lands conveyed to Green would be liable to the payment of the Jones & Shephard judgment, because the conveyance to him was fraudulent, no reason is seen, nor has any been suggested by counsel, why the proceeds of such lands would not stand affected with an equal liability.

In our opinion, the facts stated in the amended petition gave the plaintiff a cause of action ; wherefore the court erred in sustaining a demurrer thereto.

Its judgment is reversed, and the cause remanded, with leave to the defendant to answer, if he is so advised.

Reversed.